UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
ZAKKIYAH R. DANIELS,                                                 :     15-CV-3141 (ARR) (LB)
                                                                     :
                Plaintiff,                                           :     NOT FOR ELECTRONIC
                                                                     :     OR PRINT PUBLICATION
        -against-                                                    :
                                                                     :     OPINION & ORDER
KATHERINE M. KOSTREVA,                                               :
                                                                     :
                Defendant.                                           :
-------------------------------------------------------------------- :
                                                                     X

ROSS, United States District Judge:

On June 1, 2015, plaintiff Zakkiyah R. Daniels commenced this defamation diversity action against defendant Katherine Kostreva. Compl., ECF No. 1. Despite proper service, defendant has failed to answer or otherwise respond to the Complaint. This court received a report and recommendation ("R. & R.") from the Honorable Lois Bloom, United States Magistrate Judge, addressing plaintiff's motion for default judgment, on January 12, 2017. R. & R., ECF No. 27. Defendant, pro se, timely filed objections on January 26, 2017. Def.'s Obj. R. & R. ("Def.'s Obj."), ECF No. 28. By order dated February 7, 2017, I rejected defendant's objections, adopted Judge Bloom's R. & R., and denied her motion to set aside the entry of default. Opinion & Order (Feb. 7, 2017) (the "Order"), ECF No. 29. The Clerk of Court subsequently entered judgment in favor of plaintiff in the amount of $70,000.00 Clerk's J., ECF No. 30. By letter dated February 22, 2017, defendant now moves for reconsideration of the Order. Def.'s Mot. Reconsideration ("Def.'s Mot."), ECF No. 31. I now deny that motion.[1]

---

[1] Familiarity with the underlying facts, which are set out in the Order and the R. & R., is assumed.

"In order to prevail [on a motion for reconsideration], the moving party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." Lichtenberg v. Besicorp Grp., 28 F. App'x 73, 75 (2d Cir. 2002) (quoting Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), aff'd sub nom. Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994)). This standard "is strict, and reconsideration will generally be denied . . ." Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 244 (E.D.N.Y. 2014) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "[A] motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" Id. (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)). "Such a motion is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" Simon v. Simth & Nephew, Inc., 18 F. Supp. 3d 423, 426 (S.D.N.Y. 2014) (quoting Shrader, 70 F.3d at 257).

Liberally construed, defendant's letter identifies no controlling decision or factual matter this court overlooked. Most of the letter alleges new facts or argues new theories of the case not presented to the court on the underlying motion. See, e.g., Def.'s Mot. at 2-5. In any event, these new allegations are meritless. For example, defendant writes at length about the "moral character" of plaintiff, which has no bearing on any issue in this case. See, e.g., id. at 2, 4, 6. The remainder of the letter reargues issues already thoroughly considered in the first instance by Judge Bloom and again by this court after defendant's objections. See, e.g., id. at 1-2 (arguing that court "d[id] not appropriately verify the falsity of the defamatory statement); Order at 13-15

(addressing defendant's contention that the statements made on the website were true).

Therefore, the motion for reconsideration is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: March 1, 2017
       Brooklyn, New York